UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| PAMELA BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-901 |
| ) | |
| BARN CATS, LLC AND ) | Honorable Phillip J. Green |
| RANDALL MOUW, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANTS' LIABILITY**

This is a civil action brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-62. The defendants are Barn Cats, LLC, and Randal Mouw. On July 20, 2018, plaintiff filed a motion for summary judgment as to defendants' liability. (ECF No. 23). Defendants did not file a response. For the reasons set forth herein, plaintiff's motion will be granted.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "[W]here the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – h[er] showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at

561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## Facts

The following facts are not disputed. On December 6, 2015, plaintiff was hired as an "assistant" and "book keeper" by defendants Barn Cats, LLC (Barn Cats), and its owner, Randall Mouw. (Plf. Decl. ¶¶ 2-3, ECF No. 24-1, PageID.91-92). Plaintiff's duties were consistent with those job descriptions. She did not have any authority to hire or fire employees and she was not involved in the management of the business. (*Id.* at ¶¶ 3-7, PageID.91-92).

Barn Cats is a Michigan limited liability company with its principal place of business located in Rockford, Michigan. (Defendants' Answer at ¶ 11, ECF No. 8, PageID.30). Barn Cats provided barn construction and restoration goods and services in Michigan and in other states. Its annual gross volume of business exceeded $500,000. (Plf. Decl. ¶¶ 9, 10, ECF No. 24-1, PageID.93-94). Randall Mouw presented himself as the owner and primary point of authority for Barn Cats. He was plaintiff's direct supervisor. Plaintiff's work revolved around what Mr. Mouw told her to do. Mr. Mouw controlled plaintiff's rate of pay, how she was paid, or whether she was paid. (*Id.* at ¶ 8, PageID.93).

Plaintiff often worked around sixty hours per week. (*Id.* at ¶ 12, PageID.94). Defendants promised to pay her a flat rate of $300 per week for her work. (*Id.* at ¶14, PageID.94-95). But, for most of the weeks at issue, plaintiff was not paid at all. (*Id.* at ¶ 12, PageID.94). For example, from July 31, 2016, to December 7, 2016, defendants did not remit a single paycheck to plaintiff, although she was continuing to work more than forty hours per week on average. (*Id.* at ¶¶ 12, 14, 15, PageID.94-95). As a result, plaintiff's hourly wages were almost always below the applicable minimum wage rate, if she received any pay at all. (*Id.* at ¶15, PageID.95; ECF No. 24-1, PageID.112-13).

Plaintiff did not receive any tax documents from defendants for the years she worked. Defendants did not maintain timekeeping records regarding the hours that plaintiff worked. (Plf. Decl. ¶¶ 11-13, ECF No. 24-1, PageID.94).

On May 9, 2017, plaintiff quit working for defendants, largely because she was not being paid. (*Id.* at ¶¶ 4, 18, PageID.92, 95). On October 12, 2017, plaintiff filed this lawsuit. (ECF No. 1).

## Discussion

Plaintiff was an employee under the FLSA. *See Acosta v. Cathedral Buffet, Inc.*, 887 F.3d 761, 765 (6th Cir. 2018). "The FLSA minimum wage and overtime provisions protect employees through 'individual' and 'enterprise' coverage." *Burman v. Everkept, Inc.*, No. 1:15-CV-596, 2017 WL 1150664, at *6 (W.D. Mich.

Mar. 27, 2017). Plaintiff is entitled to enterprise coverage.[1] "An '[e]nterprise engaged in commerce' is one that, among other things, 'has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce' or 'whose annual gross volume of sales made or business done is not less than $500,000.' " *Acosta*, 887 F.3d at 765 (quoting 29 U.S.C. § 203(s)(1)(A)(i), (ii)). Defendants had annual gross revenues exceeding $500,000 and employees handling, selling, or otherwise working on goods or materials that had been moved in commerce. *See Burman v. Everkept, Inc.*, No. 1:15-cv-596, 2017 WL 1150664, at *6-8 (W.D. Mich. Mar. 27, 2017).

Plaintiff was a non-exempt employee. *See Stein v. HHGREGG, Inc.*, 873 F.3d 523, 528-29 (6th Cir. 2017). The FLSA overtime exemptions are affirmative defenses "on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974). Defendants did not attempt to satisfy their burden.

Defendants failed to pay plaintiff the minimum hourly wage under 29 U.S.C. § 206(a). They also failed to pay plaintiff proper overtime wages under 29 U.S.C. § 207(a)(1). *See Monroe v. FTS USA, LLC*, 860 F.3d 389, 396 (6th Cir. 2017) ("[A]n employer generally must compensate an employee 'at a rate not less than one and one-half times the regular rate at which he is employed' for work exceeding forty

---

[1] It is not necessary to reach the issue of whether plaintiff is also entitled to individual coverage. It is noted that for individual coverage the plaintiff "must establish that [s]he was directly and regularly engaged in interstate commerce.' " *Palacio v. Woodland Turf Sports Ctr., Inc.*, No. 1:16-cv-169, 2017 WL 4276867, at *4 (W.D. Mich. Sept. 27, 2017) (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011)).

hours per week.") (quoting 29 U.S.C. § 207(a)(1)).

An employer willfully violates the FLSA when it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988). "[A]n employer's [inadequate] recordkeeping practices may [] corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime." *Elwell v. Univ. Hosp. Home Care Services*, 276 F.3d 832, 844 (6th Cir. 2002). Defendants failed to keep records and they often failed to pay plaintiff for her work. Defendants offer no explanation for their actions. Defendants' FLSA violations were willful and plaintiff is entitled to relief authorized under 29 U.S.C. § 216(b).

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). "The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991). Mr. Mouw held himself out as the owner and primary person in authority for Barn Cats. He hired plaintiff, determined and supervised her work, and controlled whether she was paid. Mr. Mouw was an employer under 29 U.S.C. § 203(d). Accordingly,

**IT IS ORDERED** that plaintiff's motion (ECF No. 23) is **GRANTED** and the following matters regarding defendants' liability have been established: (1) plaintiff was a non-exempt employee of defendants under 29 U.S.C. § 213; (2) defendants failed to pay plaintiff proper minimum and overtime wages for all hours worked as

required by 29 U.S.C. §§ 206(a), 207(a)(1); (3) defendants' FLSA violations were "willful" under 29 U.S.C. § 216(b); and (4) defendant Mouw was an "employer" under 29 U.S.C. § 203(d).


Dated:   October 11, 2018             /s/  Phillip J. Green
                                      PHILLIP J. GREEN
                                      United States Magistrate Judge